

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PILLAR INCOME ASSET MANAGEMENT INC., | § § § | |
| Plaintiff | § § § | |
| v. | § § | |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION, ISABELLA CASILLAS GUZMAN, in her Official Capacity as Administrator of the Small Business Administration, JANET YELLEN, in her Official Capacity as United States Secretary of the Treasury and THE UNITED STATES OF AMERICA, | § § § § § § § § § § § § § | CIVIL ACTION NO. 3:24-CV-00348 |
| Defendants | § § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Pillar Income Asset Management Inc. ("Pillar") respectfully asks this Court to grant declaratory relief and hold unlawful and set aside the agency actions of Defendants, the United States Small Business Administration ("SBA"); Isabella Casillas Guzman, in her official capacity as Administrator of the SBA; and the United States of America (together, "Defendants"). In support, Pillar alleges as follows:

1

## NATURE OF ACTION

1.      This is an action under the Administrative Procedure Act (the "APA").

2.      In short, in March 2020, at the beginning of the COVID-19 pandemic, Congress was concerned about the economic devastation caused by the pandemic and to America's small businesses.  In response, it passed the CARES Act, Pub. L. No. 116–136, 134 Stat. 281 (March 27, 2020), codified at 15 U.S.C. §9001, *et. seq*. and created the Paycheck Protection Program ("PPP").  The PPP authorized the Small Business Administration ("SBA") to guarantee loans to small businesses, which Congress pledged to forgive if borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. §§ 636(a)(36), 9005-06.

3.      Congress was aware the SBA had historically imposed rules and regulations for other loan programs making certain classes of businesses ineligible, regardless of size.  So, among other things, in the section of the CARES Act titled "Increased Eligibility for Certain Small Businesses and Organizations," Congress broadened the class of PPP-eligible businesses. 15 U.S.C. § 636(a)(36)(D). Specifically, it provided "[d]uring the covered period, in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered [*i.e.*, SBA-guaranteed] loan" if the business employs fewer than 500 employees or, "if applicable," employs fewer than the "number of employees established by the

Administration for the industry in which the business concern… operates." *Id*. §
636(a)(36)(D)(i)(I)–(II) (emphasis added).

4.      Under the CARES Act, as amended by the Paycheck Protection
Program Flexibility Act ("Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641
(2020), "[A]n eligible recipient *shall* be eligible for forgiveness of indebtedness"
provided that at least 60 percent of the PPP loan funds are used for certain payroll
expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

5.      After learning about the CARES Act, Pillar, a management and
advisory services company which, through its employees, provides management and
advisory services to its real estate developer and multi-family property owner clients,
who have no employees of their own, applied for and received a PPP loan.

6.      In short, when Pillar sought forgiveness, the SBA, following an Initial
Loan Review Decision and two appeals, determined Pillar was ineligible for loan
forgiveness based on SBA pre-Covid ineligibility rules and regulations it imposed
that were contrary to the CARES Act.  The Reconsidered Initial Decision issued by
the SBA's Office of Hearings and Appeals ("OHA") on November 17, 2023 (which
conducts PPP appeals under the authority of Title 13, Part 134, Subpart L of the
Code of Federal Regulations) became the SBA's final decision on December 17,
2023 (the "SBA's Final Decision").  *See* 13 C.F.R. § 134.1211(c)(3).

7.    As discussed further below, shortly after the CARES Act was passed, the SBA implemented its Interim Final Rule 1, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811-20,817 (Apr. 15, 2020) (IFR#1), a copy of which is attached as ***Exhibit 1***. Instead of complying with the CARES Act's mandate that "any business concern . . . shall be eligible" for the program, IFR #1 imposed its pre-COVID-19, pre-CARES Act exclusions on PPP loan eligibility, —specifically 13 C.F.R. § 120.110 and SBA Standard Operating Procedure ("SOP") 50 10 5(K), subpt. B, ch. 2.    *See* 85 Fed. Reg. Page 20812. In January 2021, the SBA issued a rule replacing and reaffirming the agency's initial imposition of these business-type eligibility restrictions. *See* Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Reg. 3,692, 3,698 (Jan. 14, 2021), a copy of which is attached as ***Exhibit 2***.    On or about February 3, 2021, the SBA's Interim Final Rule 28 became effective, 86 Fed. Reg. 8283-8299 (IFR#28), a copy of which is attached as ***Exhibit 3,*** under which the SBA could, among other things, review whether a borrower is eligible for a PPP loan not only based on the provisions of the CARES Act, the Economic Aid Act, *rules and guidance available at the time of the borrower's PPP loan application*, and the terms of the borrower's loan application, *id.* at 8294.  (Emphasis added). The highlighted portions of ***Exhibits 1, 2 and 3*** are referred to collectively herein as the "Exclusion Rules".

8.     Pillar challenges the Exclusion Rules as contrary to law (the CARES Act and APA) and maintains that SBA acted: in excess of statutory jurisdiction, authority, or limitations; short of statutory right (the CARES Act and APA) arbitrarily, and capriciously; and abused its discretion in implementing and imposing the Exclusion Rules.  Pillar asks this Court for declarations to that effect, holding the SBA's acts and the implementation and imposition of the Exclusion Rules wrongful, and setting the Exclusion Rules aside.

9.     Pillar also challenges the SBA's Final Decision for the same reasons as discussed in paragraph 7 and because it relies on the Exclusion Rules for its ineligibility determinations, particularly IFR #1 and #28.   Accordingly, Pillar challenges the SBA's Final Decision to the extent it relies on the Exclusion Rules as contrary to law (the CARES Act and APA) and maintains that the SBA, by the SBA's Final Decision, acted: in excess of statutory jurisdiction, authority, or limitations; or short of statutory right (the CARES Act and APA). Pillar also maintains that the SBA's Final Decision was made arbitrarily, and capriciously and was an abuse of its discretion.  Pillar asks this Court for declarations to that effect, holding the SBA's acts and the implementation and imposition of the Exclusion Rules in the SBA's Final Decision wrongful, and setting the SBA's Final Decision aside.  Further, Pillar seeks a declaration from the Court that it is entitled to PPP loan

forgiveness on its first draw PPP loan and an Order requiring Defendants to grant Pillar the same.

10.    Further, along these lines, as discussed below, Pillar denies that it is an ineligible business even assuming the Exclusion Rules were otherwise legal (they are not).  But if they were, and if the Exclusion Rules were legally applied to Pillar, and Pillar was indeed ineligible under the rules or regulations relied on by the SBA in its Final Decision, because the SBA acted in an arbitrary and capricious manner— granting forgivable PPP loans to certain historically ineligible businesses while denying others the same opportunity—the Court should, for that independent reason, "hold unlawful and set aside" the Exclusion Rules.  Further, in this regard, having wrongfully excluded entire categories of businesses, the SBA compounded its errant ways by arbitrarily rolling back that exclusion for certain types of business concerns such as casinos, while maintaining the exclusion against others, and the Exclusion Rules should be held "unlawful and set aside" for that reason as well.

11.    Assuming arguendo that the Exclusion Rules should not otherwise be set aside, Pillar challenges the SBA's Final Decision because the SBA's acts, findings, and conclusions regarding or pertaining in any way to ineligibility (in the broadest sense of the term) were contrary to law; in excess of statutory jurisdiction, authority, or limitations; short of statutory right; arbitrary, capricious; and an abuse of discretion.

12.    Finally, just a note about Chevron deference.  Pillar contends that *Chevron* deference does not apply, for several reasons, only some of which are included here.[1]   First, no *Chevron* deference is warranted because CARES Act speaks directly to the precise question at issue here"— PPP eligibility.  Moreover, given the billions of dollars involved in PPP, courts cannot presume that Congress left it to the SBA to determine which businesses were eligible to receive loans and forgiveness. *See Biden v. Nebraska*, 600 U.S. 477, 143 S. Ct. 2355, 2362 (2023); *West Virginia v. EPA*, 142 S. Ct. 2587, 2608 (2022).  Instead, the presumption is that "Congress intends to make major policy decisions itself, not leave those decisions to agencies." *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2022).  Moreover,  while Congress delegated some rulemaking authority to the SBA, it did not expressly grant the SBA authority to define "any business concern" under the CARES Act or the authority to impose substantive eligibility requirements on businesses under that Act—although throughout the PPP it expressly delegated authority to the SBA when it came to defining other matters *See e.g.,* 15 U.S.C. § 636(a)(36)(D)(ii)(II) (expressly delegating authority to the SBA and to the Secretary of the Treasury to define documentation necessary for individuals' PPP applications); *id.* §

---

[1] Under *Chevron* deference, a Court defers to reasonable agency interpretations of ambiguous statutes "unless they are arbitrary, capricious, or manifestly contrary to the statute. *Forrest Gen. Hosp. v. Azar*, 926 F.3d 221, 228 (5th Cir. 2019). If it does however apply, it does not support the Defendants' positions.

636(a)(36)(E)(i)(I)(aa)(AA) (expressly delegating the SBA authority to define when "an applicant . . . is [a] seasonal employer"). Further, since the PPP is administered by both the Secretary of the Treasury and by the SBA, Chevron deference does not apply. *See NASDAQ Stock Mkt., LLC v. SEC*, 961 F.3d 421, 426 (D.C. Cir. 2020) ("When a statute is administered by more than one agency, a particular agency's interpretation is not entitled to Chevron deference."). Finally, as this Court is no doubt aware, the United States Supreme Court is revisiting *Chevron* deference and on January 17, 2024, heard oral argument in tandem in Case No. 22-1219; *Relentless, Inc. v. Department of Commerce;* and in Case No. 22-451; *Loper Bright Enterprises v. Raimondo,* in which the issue is whether the Supreme Court should overrule *Chevron* or at least clarify that statutory silence concerning controversial powers expressly but narrowly granted elsewhere in the statute do not constitute an ambiguity requiring deference to the agency.

## **PARTIES**

13.     Plaintiff Pillar Asset Management Inc. is a Nevada corporation with its principal place of business at 1800 Valley View Lane, Suite 300, Dallas, Texas 75234.

14.     Defendant United States Small Business Association is an independent agency of the United States, created and authorized pursuant to 15 U.S.C. § 633 et seq., and is an agency within the meaning of 5 U.S.C. § 551(1).

15.    Defendant Isabella Casillas Guzman is the Administrator of the SBA, a Cabinet-level position, and is sued only in her official capacity as Administrator. Guzman is a proper defendant in the Administrative Procedure Act ("APA") challenges, as asserted herein, pursuant to 15 U.S.C. § 634(b) because Guzman is the officer with final authority for administering the PPP for the SBA.

16.    Defendant Janet Yellen is the Secretary of the United States Department of Treasury and is sued only in her official capacity.

17.    Defendant the United States of America is a proper defendant in APA challenges, as asserted herein, pursuant to 5 U.S.C. § 702.

## JURISDICTION AND VENUE

18.    This is a civil action over which this Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question jurisdiction), insofar as Pillar's causes of action arise under the APA; 28 U.S.C. § 1346(a)(2) (civil action against the United States); 28 U.S.C. § 2201 (authorizing declaratory relief); 5 U.S.C. § 702 (judicial review of agency action); *See* 5 U.S.C. § 701 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). SBA regulations likewise provide for federal district court review of a final decision of the SBA's OHA pursuant to 13 C.F.R. § 134.1211(g).

19.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (e). A substantial part of the events or omissions giving rise to this action have occurred in the Northern District of Texas, where Pillar maintains its principal place of business, and the SBA operates within this Court's judicial district.

20.    This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of Texas and have engaged in the conduct alleged herein in Texas, targeted to Texas residents, businesses, and/or interests.

21.    Further, the denial of forgiveness to Pillar, the Reconsidered Initial Decision,[2] and the imposition of the Exclusion Rule are final agency actions pursuant to 5 U.S.C. § 704 and 13 C.F.R. § 134.1211(g) which this Court has authority to review pursuant to 5 U.S.C. § 702, 13 C.F.R. §134.1211(g). The Court is authorized to award the requested relief under 5 U.S.C. §§ 705, 706; 28 U.S.C. §§ 1651, 2201, and 2202; and pursuant to its inherent powers.

22.    No other action, civil or criminal, is pending in any state court involving Pillar regarding the activities and events stated herein.

---

[2]  The Reconsidered Initial Decision dated November 17, 2023 became final on December 17, 2023 as it was not reviewed or reversed by the Administrator.  *See* 13 C.F.R. § 134.1211(c)(3).

## FACTS

### I.     SBA Historical Lending Criteria for Other Programs

23.     The SBA is "a government agency established by § 204 of the Small Business Act of 1953, 67 Stat. 233." *United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252, 253 (6th Cir. 1996). The SBA "aid[s], counsel[s], assist[s], and protect[s] . . . the interests of small-business concerns." *Small Bus. Admin. v. McClellan*, 364 U.S. 446, 447 (1960). The SBA makes loans directly to small businesses and guarantees loans made by private lenders. *See id.*

24.     In 1996, the SBA first declared certain types of businesses ineligible to participate in its lending program. The historical regulation is set forth at 13 C.F.R. § 120.110.  It, and historical guidance for the regulation, excluded entire business categories from eligibility, including, most pertinent here, those pertaining (generally described) to ownership by "passive" real estate developers and landlords, and businesses primarily engaged in lending, investing, or financing. *See more particularly* 13 CFR §§ 120.111(b),(c), SOP 50 10 5(K), subpt. B, ch. 2(III)(A) (2)(a),(b); SOP 50 10 5(K), subpt. B, ch. 2(III)(A) (3)(a), (b), (c), (f), (i).

### II.     The CARES Act and PPP

25.     In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116–136, 134 Stat. 281 (March 27, 2020)*,* codified at 15 U.S.C. § 9001, *et seq.* to try and mitigate the

economic devastation caused by the COVID-19 pandemic. Congress's purpose was to ensure that Americans employed by small businesses could continue to work and be paid.  To effectuate that goal, Congress created the Paycheck Protection Program ("PPP"), which authorized the Small Business Administration ("SBA") to guarantee hundreds of billions of dollars in loans to small businesses. PPP loans were to be made by private lenders, and Congress pledged to forgive these loans provided that the borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. §§ 636(a)(36), 9005-06.

26.     In the section of the CARES Act titled "Increased Eligibility for Certain Small Businesses and Organizations," Congress broadened the class of businesses eligible to receive SBA financial assistance under the PPP. 15 U.S.C. § 636(a)(36)(D). Specifically, Congress provided that "[d]uring the covered period, in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered [*i.e.*, SBA-guaranteed] loan" if the business employs fewer than 500 employees or, "if applicable," employs fewer than the "number of employees established by the Administration for the industry in which the business concern… operates." *Id*. § 636(a)(36)(D)(i)(I)–(II) (emphasis added).

27.     Section 1106 of the CARES Act, as amended by the Paycheck Protection Program Flexibility Act ("Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641 (2020), also sets out the conditions of loan forgiveness for PPP loan

recipients. "An eligible recipient *shall* be eligible for forgiveness of indebtedness." CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b). The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness. CARES Act § 1106(c)(3). PPP loan recipients must submit forgiveness applications to be considered. *Id.* § 1106(e). PPP loans were fully forgivable if borrowers used the funds for certain enumerated purposes. *See* 15 U.S.C. § 636m; *Ramey & Schwaller, L.L.P. v. Zions Bancorporation NA*, 71 F.4th 257, 258 (5th Cir. 2023).

28.    Congress initially "provided the SBA with $349 billion" in PPP guaranteed funds for "small businesses struggling to make ends meet during the COVID-19 crisis." *Am. Ass'n of Political Consultants v. U.S. Small Bus. Admin.*, --- F. Supp. 3d ---, 2020 WL 1935525, at *1 (D.D.C. Apr. 21, 2020). The SBA, however, quickly exhausted the initial fund, and so Congress appropriated an additional $310 billion for PPP loan guarantees. *See* Paycheck Protection Program and Health Care Enhancement Act ("Enhancement Act"), Pub. L. No. 116-139, 134 Stat. 620, § 101(a)(1) (2020).

## III.    The SBA Exclusion Rules

29.    After the enactment of the PPP, the SBA adopted the Exclusion Rules to implement and govern PPP loan guarantees. ***Exhibits 1, 2***, ***3***. Instead of complying with the CARES Act's mandate that "any business concern . . . shall be

eligible" for the program, they imposed the SBA's pre-COVID-19, pre-CARES Act exclusions on PPP loan eligibility, —specifically 13 C.F.R. § 120.110 and SBA Standard Operating Procedure ("SOP") 50 10 5(K), subpt. B, ch. 2. *Id.* As discussed below, the SBA used the Exclusion Rules to deny Pillar's first draw loan forgiveness in the SBA's final decision—and elsewhere.

**IV.    Pillar's Receives a First Draw PPP Loan and Seeks Forgiveness**

30.    On April 8, 2020, Pillar applied for a first draw PPP Loan to its lender, BBVA USA ("BBVA"), and sought assistance to keep its workers paid and employed. Pillar did so on the belief that any funds received would be wholly forgiven. In connection with its loan application, on April 10, 2020, Pillar provided BBVA with a letter that gave more information regarding its services. It explained:

> Pillar acts as the active manager, advisor and cash manager for a number of special purpose entities and public and private companies engaged in multifamily property development and operation.
>
> The services for this entity include the following:
>
> - Site selection and raw land development
> - Engineering and structural design
> - Architectural design
> - Construction contracting, engagement of general contractors and contractor supervision
> - Developer supervision
> - Construction administration
> - Liaison with cities, countries and others with governmental authorities over construction
> - Property maintenance
> - Supervision of leasing and property management
> - Tax and tax filing
> - Accounting
> - Cash management
> - Portfolio property acquisition and disposition, and
> - Financial analysis

> From acquisition or development to property operation and ultimate disposition, Pillar provides active daily management.
>
> Pillar is also not an investor, has no ownership interest in any property and does not finance or obtain loans for properties. 13 CFR 120.110 Section C prohibits loans for passive investment in real property "acquired or improved with [SBA] loan proceeds". There are no real property assets acquired or improved by the proceeds of a PPP loan. The loan is to cover the statutory designation of uses required to continue payroll and to effectuate the purposes of the CARE Act of 2020. We are not and certify we will not obtain any real property interests with the PPP loan.

31.    On or about April 28, 2020, BBVA approved Pillar's application (i.e. found it an eligible recipient) and disbursed $1,891,160.00 in PPP loan proceeds to Pillar ("Pillar's PPP Loan").

32.    Pillar applied for forgiveness of its PPP Loan with PNC Bank, successor to BBVA, who approved the forgiveness application for the full amount of the loan.

33.    While PNC Bank recommended that Pillar's PPP Loan be fully forgiven, the SBA disagreed.

**V.    The November 14, 2022, Final SBA Loan Review Decision**

34.    On November 14, 2022, the SBA issued its "Final SBA Loan Review Decision," a copy of which is attached as ***Exhibit 4.***   In it, the SBA determined:

> SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows:
>
> After review of the documentation provided, the SBA concludes that Borrower is organized as an ineligible Passive Real Estate Entity.
>
> It is confirmed the Borrower is a non-eligible passive real estate entity for the PPP loan. A thorough review of the documents reveal borrower's income is derived form passive rental income. Moreover, a search of borrower's public internet presence shows business activity comprised of acquisition, development and management of multi-family and commercial real estate properties; therefore, borrower is ineligible for forgiveness.

35.    However, Pillar is not, and never has been, a Passive Real Estate Entity that receives its income from passive rental income.   Pillar is a real estate management and advisory services company that, among other things, provides real estate management and advisory services through its employees to separate real estate developer clients, who have no employees, and Pillar is paid for that work in accordance with the terms of Advisory Agreements with its clients.

36.    But, to add insult to injury, even if Pillar was a passive real estate entity (again it was and is not), there is no such exclusion under the CARES Act—but the SBA unlawfully imposed such a regulation as if one existed anyway.

## VI.    The Exclusion Rules Had Already Been Declared Invalid.

37.    Notably, the SBA's Loan Review Decision came after the Sixth Circuit had held that Congress's mandate of PPP eligibility for "any business concern" "made clear that the SBA's longstanding ineligibility rules are inapplicable given the current circumstances." *DV Diamond Club of Flint, LLC v. SBA*, 960 F.3d 743, 747 (6th Cir. 2020).

38.    While *Diamond Club* concerned an SBA ineligibility rule rendering a sexually oriented business ineligible to receive PPP loan guarantees, perhaps even more remarkably the SBA's Loan Review Decision against Pillar came on the heels of the decision in *National Association of Home Builders  v. United States SBA,* 2021 U.S. Dist. LEXIS 186548 (E.D. Mich. Sept. 28, 2021) vacated and remanded sub

nom., No. 21-1765, 2023 U.S. App. LEXIS 908 (6th Cir., Jan. 13, 2023) (while

vacated on appeal as moot since all parties had received forgiveness before the

appeal, the district court concluded that the SBA's IFR prohibiting loan eligibility,

guarantees, and forgiveness for "passive businesses owned by developers and

landlords that do not actively use or occupy the assets acquired or improved with the

loan proceeds" and "speculative businesses" was contrary to the CARES Act).

39.     In *Home Builders*, several state and national associations of home

builders and real estate developers sought to enjoin the SBA from enforcing the

Exclusion Rule and declaring it invalid.  The Court determined among other things,

that the real estate developers were right and, among other things, entered the

following Order, granting the Plaintiffs' Motion for Judgment on the Pleadings, and,

among other things:

> **ORDERED** that the SBA's rules declaring ineligible for PPP loans,
> loan guarantees, and loan forgiveness "[p]assive businesses owned by
> developers and landlords that do not actively use or occupy the assets
> acquired or improved with the loan proceeds," *13 C.F.R. § 120.110(c)*,
> or "[s]peculative businesses," *13 C.F.R. § 120.110(s)*, exceed its
> statutory authority under the CARES Act and are **DECLARED**
> invalid.[3]

*Id.*  In other words, it declared the Exclusion Rules relied upon by the SBA in

---

[3]  It wasn't the only Court to do so.  In addition to *DV Diamond Club of Flint, LLC v. SBA*, 960
F.3d 743, 747 (6th Cir. 2020) and *National Association of Home Builders  v. United States SBA*,
2021 U.S. Dist. LEXIS 186548 (E.D. Mich. Sept. 28, 2021),  *see Camelot Banquet Rooms, Inc. v.
United States Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1056 (E.D. Wis. 2020); *Skefos v.
Carranza*, Nos. 19-29718-L, 20-00071, 2020 Bankr. LEXIS 1479, at *28 (Bankr. W.D. Tenn.
2020).  *But see Pharaohs GC, Inc. v. United States SBA*, 990 F.3d 217, 228 (2d Cir. 2021).

denying Pillar forgiveness invalid regarding the same passive real estate entity ineligibility determination found against Pillar in the Loan Review Decision.[4] This was just 3 months and 2 days before Pillar filed for loan forgiveness.

40.    Also notably, the SBA appealed the decision in favor of the Plaintiffs in *Home Builders* to the Sixth Circuit.  *Nat'l Ass'n of Home Builders v. United States Small Bus. Admin.*, No. 21-1765, 2023 U.S. App. LEXIS 908, at *1-2 (6th Cir. 2023).  And the parties reached a deal.  *Id.*  While the lower court's decision was vacated, here's what the Sixth Circuit opinion tells us—the *SBA forgave all the real estate developers' loans and promised not to go after them in the future based on ineligibility*:

> Plaintiffs' members sought loans and loan forgiveness under the Paycheck Protection Program of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). An interim final rule, however, excluded Plaintiffs' members from eligibility. Plaintiffs brought suit to challenge the rule. The district court entered judgment on the pleadings for Plaintiffs, declared the rule invalid, and enjoined Defendants from disqualifying Plaintiffs' members under the rule. This appeal followed. Meanwhile, the Paycheck Protection Program exhausted its fixed funding and stopped accepting new loan applications. The parties agree that the appeal and the underlying case are now moot because all of Plaintiffs' members who received loans under the program have obtained loan forgiveness. "And though the regulations reserve the authority . . . to review eligibility determinations even after forgiveness," Defendants say they have "no intention of seeking repayment from [Plaintiffs'] members in the future based on business-type ineligibility."

---

[4]  13 CFR § 120.110(c) "[p]assive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds" is the only SBA ineligibility rule that specifically mentions "passive" in connection with real estate activities.

*Nat'l Ass'n of Home Builders v. United States Small Bus. Admin.*, No. 21-1765, 2023 U.S. App. LEXIS 908, at *1-2 (6th Cir. 2023).  A copy of both the district court and the Sixth Circuit opinions are attached as ***Exhibits 5 and 6***, respectively.[5]

41.    The Plaintiffs in *Home Builders* also complained that the SBA had compounded its mistake by arbitrarily rolling back the exclusion for certain types of business concerns such as casinos, while maintaining the exclusion against others, including America's home builders.  Similarly, if Pillar is ineligible under applicable Exclusion Rules, that rollback as to the casino businesses is arbitrary and capricious as to Pillar.  So too is the SBA's disparate treatment of Pillar, who it has found (disputed as it is) is of the same ineligibility ilk as all those others it admittedly gave loan forgiveness to and agreed not to seek ineligibility against in the future.

**VII.    The Loan Review Decision Is Affirmed (and Expanded) on Appeal.**

42.    In response to the Loan Review Decision, Pillar timely filed an appeal with the SBA's Office of Hearings and Appeals ("OHA") which conducts PPP

---

[5] It wasn't the only Court to determine that the SBA had exceeded its authority in connection with its interim final rules adding ineligibility requirements that did not exist in the CARES Act through rulemaking. In addition to *DV Diamond Club of Flint, LLC v. SBA*, 960 F.3d 743, 747 (6th Cir. 2020) and *National Association of Home Builders  v. United States SBA,* 2021 U.S. Dist. LEXIS 186548 (E.D. Mich. Sept. 28, 2021), *see Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1056 (E.D. Wis. 2020); *Skefos v. Carranza*, Nos. 19-29718-L, 20-00071, 2020 Bankr. LEXIS 1479, at *28 (Bankr. W.D. Tenn. 2020), affirmed Carranza v. Alpha Visions Learning Acadamy, Inc., Case No. 2:20-cv-02416-J (W.D. Tenn. Jan. 11, 2013)(Dkt. 32); *But see Pharaohs GC, Inc. v. United States SBA*, 990 F.3d 217, 228 (2d Cir. 2021).

appeals under the authority of Title 13, Part 134, Subpart L of the Code of Federal Regulations.

43.    On December 27, 2022, the OHA issued a Notice and Order regarding the SBA's response to the appeal petition and filing of the administrative record.

## VIII. The SBA Makes Up Additional Reasons to Deny Pillar Forgiveness on Appeal of the Loan Review Decision.

44.    On November 2, 2023, the OHA issued its Initial Decision that "[t]he final U.S. Small Business Administration (SBA) loan review decision is AFFIRMED." A copy of the Initial Decision is attached as ***Exhibit 7***.

45.    The Initial Decision was predicated on findings and conclusions by the OHA and imposition of the Exclusion Rules as a means for imposing eligibility requirements that were not a part of the CARES Act, which violated that statute, which was arbitrary, capricious, and an abuse of discretion.[6]  Among other things, the unlawful imposition of the Exclusion Rule served as a predicate for the SBA to make all of the grossly inaccurate ineligibility findings and conclusions[7] it made in its Initial Decision--later adopted and incorporated in the Reconsidered Initial Decision.

---

[6]   The findings and conclusions regarding the Exclusion Rule are highlighted in yellow.  To the extent not parroted therein, the ALJ incorporated them into the Reconsidered Initial Decision which became the SBA's Final Decision.

[7] The findings and conclusions pertaining to ineligibility are highlighted in green.

46.     The Reconsidered Initial Decision became the SBA's Final Decision on December 17, 2023, a copy of which is attached as ***Exhibit 8***. *See* 13 C.F.R. § 134.1211(c)(3).

47.     As with the Initial Decision written by the same ALJ, the SBA's Final Decision was also predicated on the imposition of the Exclusion Rules as a means for imposing eligibility requirements that were not a part of the CARES Act, which violated that statute, and which were arbitrary, capricious and an abuse of discretion.[8]

48.     The ineligibility determinations in the SBA's Final Decision were also contrary to law, arbitrary, capricious, and an abuse of discretion and indeed, these findings and conclusions were supported by no substantial evidence (amounting to no evidence) as well.

49.     In this regard, by way of a non-limiting example, the CARES Act makes clear that a borrower's eligibility for a PPP loan is determined as of the date of its loan application.[9]   *See* CARES Act §1102 (G) (borrower certification requirement as of the date of loan application).  The CARES Act, §1106(e) requires additional documents to verify the amount of loan forgiveness but does not change the date of the eligibility determination.  Accordingly, both PPP loan eligibility and

---

[8] The findings and conclusions regarding the Exclusion Rule are highlighted in yellow.
[9]    In addition to whether it was in operation on February 15, 2020.  CARES ACT § 1102(F).

eligibility for forgiveness under the CARES Act is determined at the time of the initial loan application,[10] here in April 2020. However, the SBA's Final Decision, and the findings and conclusions therein are contrary to law, arbitrary, capricious, and an abuse of discretion and indeed, these findings and conclusions were supported by no substantial evidence (amounting to no evidence) because, among other things, they were not based on evidence as of April 2020, but instead, relied on information in 2022 and 2023.

50.    The ineligibility determinations in the SBA's Final Decision that were contrary to law, arbitrary, capricious, and an abuse of discretion and which were supported by no substantial evidence (amounting to no evidence) included, among others, the following:[11]

- The record shows Pillar holds itself out to the public to be a real estate developer through a description on its website.
- Through its own words, Pillar acknowledges it is a passive real estate entity specializing in the development of multifamily and commercial real estate (citing footnotes 32-37 in support).
- Through its own words, Pillar also acknowledges it provides investment and finance services.
- The record also shows Pillar is primarily engaged in financial and investment activities.
- Security and Exchange Commission (SEC) filings also indicate Pillar provides financial and investment services.
- Pillar holds itself out to the public as a passive real estate entity.
- Pillar's primary business activity is investment services.

---

[10] *See* also the Exclusion Rules, which, if applicable also refers to the time of the loan application. *Exhibits 1-3.*

[11] The findings and conclusions pertaining to ineligibility are highlighted in green in the SBA's Final Decision.

- Pillar engages in financing activities.
- Pillar is an ineligible business.
- Pillar was ineligible for the First Draw PPP loan it received.
- Pillar is ineligible for PPP loan forgiveness.
- The final SBA loan review decision is not based on clear error of fact or law.
- OHA's initial decision does not contain a clear error of fact or law material to the decision.
- Pillar remains liable for the PPP loan (PPP Loan Number 544887202).51 And that the record supports SBA took a holistic approach in reviewing MRHI's 2019 Federal tax return (AR, Pages 461-594) to find Pillar a passive real estate entity.  SBA's determination is supported by Pillar's own business description. A more detailed review of the record beyond Pillar's own business description supports Appellant's primarily [sic] business activity is to provide investment and finance services to MRHI subsidiaries (AR, Pages 1-699; AP, SEC Filing Pages 1-71).  The record demonstrates Pillar is an ineligible business.

51.    All of the SBA's actions, findings, and conclusions in the SBA's Final Decision, whether express, implied, or incorporated by reference, are at issue in this action including its adoption, application, and imposition of the Exclusion Rules in the SBA's Final Decision, as well as the illegal application, and imposition of the Exclusion Rules themselves.

## CAUSES OF ACTION

## COUNT ONE
**Agency Actions, Findings, And Conclusions, Contrary to Law
5 U.S.C. § 706(2)(A),(C)
(Exclusion Rules)**

52.    Pillar repeats and incorporates all the preceding paragraphs as if set forth at length verbatim herein.

53.    The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.  Further, the Reconsidered Initial Decision is a final decision of the SBA that is subject to review by this Court.  *See* 13 C.F.R. § 134.1211(c)(3), (g).

54.    The APA provides the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 USC § 706(2)(A), (C).

55.    As previously discussed, the CARES Act provides that "in addition to small business concerns, any business concern…shall be eligible to receive a covered loan," CARES Act § 1102(a)(36)(D)(i) (emphases added), subject only to the conditions that a business meet the Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020.

56.    The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

57.    The CARES Act does ***not*** authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rules, yet

24

that is exactly what Defendants did in denying Pillar's request for PPP loan forgiveness in the SBA's Final Decision.

58.    The Exclusion Rules, and Defendants' actions imposing same, are not in accordance with law, including the CARES Act and the APA.  Pillar asks the Court to declare that the Exclusion Rules are not in accordance with law and to hold it unlawful and set it aside insofar as it denies PPP eligibility and eligibility for PPP loan forgiveness to entities covered by 13 C.F.R. §120.110(b),(c) and SOP 50 10 5(K), subpt. B, ch. 2(III)(A)(2)(a),(b); ch. 2(III)(A) (3)(a), (b), (c), (f), (i).  Pillar further asks the Court, for the same reasons, to declare the SBA's Final Decision (which relied on the Exclusion Rule) is not in accordance with law and to hold the SBA's Final Decision unlawful and set it aside.

59.    The Exclusion Rules, and Defendants' actions imposing same, are in excess of statutory jurisdiction, authority, or limitations, and short of statutory right, including the CARES Act and the APA.  Pillar asks the Court to declare that the Exclusion Rules are in excess of statutory jurisdiction, authority, or limitations, and short of statutory right, including the CARES Act and the APA and to hold the Exclusion Rules unlawful and set it aside insofar as it denies PPP eligibility and eligibility for PPP loan forgiveness to entities covered by 13 C.F.R. §120.110(b),(c) and SOP 50 10 5(K), subpt. B, ch. 2(III)(A)(2)(a),(b); ch. 2(III)(A) (3)(a), (b), (c), (f), (i).  Pillar further asks the Court, for the same reasons, to declare that the SBA's

Final Decision (which relied on the Exclusion Rules) is in excess of statutory jurisdiction, authority, or limitations, and short of statutory right, including the CARES Act and the APA and to hold the SBA's Final Decision unlawful and set it aside.

## COUNT TWO
### Agency Action, Findings, and Conclusions Contrary to Law
### 5 U.S.C. § 706(2)(A),(C)
### (Eligibility/Ineligibility)

60.    Pillar repeats and incorporates all the preceding paragraphs as if set forth at length verbatim herein.

61.    The APA authorizes judicial review of federal agency actions.  5 U.S.C. §702.  Further, the Reconsidered Initial Decision is a final decision of the SBA that is subject to review by this Court.  *See* 13 C.F.R. § 134.1211(c)(3), (g).

62.    The APA provides the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id*. § 706(2)(A), (C).

63.    The SBA's actions, findings, and conclusions in the SBA's Final Decision related to Pillar's eligibility/ineligibility for a PPP loan, loan guarantee or loan forgiveness (highlighted in green on ***Exhibit 8***), were not in accordance with law.  Pillar is entitled to an order declaring them not in accordance with law, holding them unlawful, and setting the SBA's Final Decision aside.

26

64.    Moreover, the SBA's actions, findings, and conclusions in the SBA's Final Decision related to Pillar's eligibility/ineligibility for a PPP loan, loan guarantee, or loan forgiveness (highlighted in green on **Exhibit 7**), were in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. Pillar is entitled to an order declaring them in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, holding them unlawful and setting the SBA's Final Decision aside.

## COUNT THREE
### Arbitrary & Capricious Agency Action, Findings, and Conclusions
### 5 U.S.C. § 706(2)(A)

65.    Pillar repeats and incorporates all the preceding paragraphs as if set forth at length verbatim herein.

66.    The APA authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

67.    The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." Id. § 706(2)(A).

68.    As summarized in A GUIDE TO JUDICIAL AND POLITICAL REVIEW OF FEDERAL AGENCIES at 181-95, Federal Courts have reviewed agency action under the arbitrary and capricious test on the following bases:

    1.    Reliance on impermissible factors;

2.  No reasonable relationship to statutory purposes or requirements;
3.  Inadequate factual premises;
4.  Unsupported by any reasoning or based on seriously flawed reasoning;
5.  Failure to consider key aspects of the issue presented;
6.  Unexplained inconsistency with prior actions;
7.  Failure to consider alternative solutions;
8.  Failure to respond to relevant arguments or comments; or
9.  Disproportionate sanctions.

69.  The Defendants actions, findings, and conclusions in the SBA's Final Decision related to Pillar's eligibility/ineligibility for a PPP loan, loan guarantee or loan forgiveness (highlighted in green on ***Exhibit 8***) were arbitrary, capricious, or "an abuse of discretion" for the following bases identified above:

1.  Reliance on impermissible factors (see, in particular, paragraphs 7, 9, and 25-29 above);

2.  No reasonable relationship to statutory purposes or requirements (see, in particular, paragraphs 7, 9, and 25-29 above);

3.  Inadequate factual premises (see paragraphs 44-51 above);

4.  Unsupported by any reasoning or based on seriously flawed reasoning (see, in particular, paragraphs 7, 9, 25-29 and 44-51 above);

    …

6.  Unexplained inconsistency with prior actions (see paragraphs 37-41 above);

    …

28

> 9.      Disproportionate sanctions (Pillar forfeits in excess of $1.8 million in loan forgiveness plus interest).

70.    Pillar is entitled to an order declaring them arbitrary, capricious, or "an abuse of discretion," holding them unlawful, and setting the SBA's Final Decision aside.

71.    Moreover, the CARES Act provides that "in addition to small business concerns, any business concern . . . shall be eligible to receive a covered loan," 15 U.S.C. § 636(a)(36)(D)(i) (emphases added), subject only to the conditions that a business meet the Act's size requirement, makes the required good-faith borrower certification, and have been in operation as of February 15, 2020.

72.    The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

73.    The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rules.

74.    Defendants' exclusion of Pillar from PPP eligibility, including for loan forgiveness, while granting PPP benefits including loan forgiveness to businesses that were ineligible under previous SBA guidelines, is arbitrary and capricious and an abuse of discretion. Pillar is entitled to an order declaring the same, as well as

holding the Exclusion Rules and SBA's Final Decision unlawful and setting them aside.

## COUNT FOUR
### Agency Actions, Findings, and Conclusions Unsupported By Substantial Evidence
### 5 U.S.C. § 706(2)(A)

75.     Pillar repeats and incorporates all the preceding paragraphs as if set forth at length verbatim herein.

76.     The APA authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

77.     This Court is required to "hold unlawful and set aside agency action" which is "in excess of statutory jurisdiction" or "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *BP Am., Inc. v. FERC*, 52 F.4th 204, 213 (5th Cir. 2022).

78.     The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC*, v. *Roswell*, 574 U. S. 293, ___, 135 S. Ct. 808, 190 L. Ed. 2d 679 (2015)). Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co.* v. *NLRB*, 305 U. S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

79.     When an agency's factual findings and conclusions are unsupported by substantial evidence they will not be upheld.  *See id.*[12]

80.     Here, there is no substantial evidence to support the SBA's Exclusion Rule or the SBA's findings and conclusions in the SBA's Final Decision, and Pillar is entitled to an order declaring the same, holding them unlawful, and setting the SBA's Final Decision aside.

81.     Moreover, the CARES Act provides that "in addition to small business concerns, any business concern...shall be eligible to receive a covered loan," 15 U.S.C. § 636(a)(36)(D)(i) (emphases added), subject only to the conditions that a business meet the Act's size requirement, makes the required good-faith borrower certification, and have been in operation as of February 15, 2020.

82.     The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

83.     The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rules.

---

[12] The review for an agency's legal conclusions is effectively *de novo*. *Tex. Tech Physicians Assocs. v. United States HHS*, 917 F.3d 837, 844 (5th Cir. 2019).

84.     Defendants' exclusion of Pillar from PPP eligibility, including for loan forgiveness, while granting PPP benefits including loan forgiveness to businesses that were ineligible under previous SBA guidelines, is unsupported by substantial evidence.   Pillar is entitled an order declaring same, holding the SBA's Final Decision unlawful, and setting the SBA's Final Decision aside.

## COUNT FIVE
### Compelling Agency Action unlawfully withheld
### 5 U.S.C. § 706(1)

85.     Pillar repeats and incorporates all the preceding paragraphs as if set forth at length verbatim herein.

86.     The APA authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

87.     This Court is required to "compel agency action unlawfully withheld."

88.     The SBA has unlawfully withheld Pillar's PPP loan forgiveness through, among other things, its imposition of an unlawful, arbitrary, capricious Exclusion Rule that imposed eligibility requirements for PPP loans, guarantees, and forgiveness in violation of the Cares Act, and that was outside of its statutory jurisdiction, authority or limitations or short of its statutory right, an abuse of its discretion, or otherwise not in accordance with law, and in imposing those unlawful eligibility requirements on Pillar.

89.     In so doing, the SBA unlawfully denied Pillar PPP loan forgiveness in the SBA's Final Decision.

90.     Further, even if the SBA did not violate Section 706(2) by its Exclusion Rule—it did—Pillar is still entitled to an order compelling the SBA to vacate its Final Decision and to grant Pillar forgiveness on its PPP loan because, as discussed above, the SBA's actions, findings, and conclusions in the SBA's Final Decision relating to eligibility/ineligibility were unlawful, arbitrary, capricious, unsupported by substantial evidence, outside of its statutory jurisdiction, authority or limitations or short of its statutory right, an abuse of its discretion, or otherwise not in accordance with law or an abuse of discretion.

91.     Accordingly, Pillar is entitled to, and herein seeks, an Order compelling the SBA to vacate its Final Decision and to grant Pillar forgiveness on its PPP loan.

## **PRAYER**

92.     WHEREFORE, Plaintiff Pillar Income Asset Management Inc. respectfully prays that the Court order the following relief:

   a.  Declare that the Exclusion Rules are not in accordance with law;

   b.  Declare that the Exclusion Rules are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

   c.  Declare that the Exclusion Rules are arbitrary and capricious and an abuse of discretion;

   d.  Declare that the Exclusion Rules are not supported by substantial evidence;

e.  Hold unlawful and set aside the Exclusion Rules;

f.  Declare that the SBA Final Decision is not in accordance with law;

g.  Declare that the SBA Final Decision is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

h.  Declare that the SBA Final Decision is arbitrary and capricious and an abuse of discretion;

i.  Declare that the SBA Final Decision is not supported by substantial evidence;

j.  Declare that the findings and conclusions in the SBA Final Decision regarding ineligibility are not in accordance with law;

k.  Declare that the findings and conclusions in the SBA Final Decision are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

l.  Declare that the findings and conclusions in the SBA Final Decision are arbitrary and capricious and an abuse of discretion;

m. Declare that the findings in the SBA Final Decision are not supported by substantial evidence;

n.  Hold unlawful and set aside the SBA Final Decision;

o.  Declare that the Exclusion Rules do not apply to Pillar's PPP Loan forgiveness request;

p.  Order that the SBA's Final Decision be vacated and that Defendants be compelled to grant forgiveness of Pillar's first draw PPP Loan;

q.  Award reasonable attorneys' fees and costs to the extent permitted by law; and

r.  Grant such other relief as this Court deems just and proper.

Respectfully submitted,

By*:  /s/ Mitchell Madden*
Mitchell Madden
State Bar No. 12789350
Email:mmadden@hjmmlegal.com;
skinney@hjmmlegal.com
**HOLMGREN JOHNSON:**
**MITCHELL MADDEN, LLP**
12801 N. Central Expressway., Suite 140
Dallas, Texas  75243
Telephone:  972-484-7780
Facsimile:  972-484-7743

ATTORNEYS FOR PLAINTIFF